**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ELIZABETH DEPUE,

      **Plaintiff,**

                                **CASE NO:**

**v.**

                                **DIVISION:**

EDUCATIONAL
OPPORTUNITIES TOURS, INC.

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELIZABETH DEPUE, by and through undersigned counsel, brings this action against Defendant, EDUCATIONAL OPPORTUNITIES TOURS, INC., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.  and Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Polk County.

## PARTIES

3.     Plaintiff is a resident of Polk County, Florida.

4.     Defendant operates a  travel agency in Polk County, Florida.

## GENERAL ALLEGATIONS

5.    Plaintiff has satisfied all conditions precedent, or they have been waived.

6.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.    Plaintiff requests a jury trial for all issues so triable.

8.    At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA, Fla. Stat. Section 760.02(7).

9.    At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA, Fla. Stat. Section 760.02(7).

## FACTS

10.    Plaintiff began working for Defendant on or about February 2023 as a Tour Administrative Specialist, and she worked in this capacity until November 28, 2023.

11.    During Plaintiff's employment with Defendant, Plaintiff suffered from a physical condition, Rheumatoid Arthritis ("RA"), which had spread to her brain and substantially limited her ability to perform one or more major life activities, including but not limited to walking, standing, using her limbs, and neurological functioning.

2

12. Plaintiff continues to suffer from the aforementioned physical condition.

13. At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant.

14. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA").

15. On or about February 2023, at the time of hire, Plaintiff notified Defendant of her disability.

16. In or around October 2023, while at work, Plaintiff experienced inflammation, swelling, and stroke-like symptoms related to her disability, and another employee contacted emergency medical services on her behalf.

17. Following this medical episode, Plaintiff required physical therapy and further medical treatment after losing the ability to fully use the right side of her body.

18. Due to her disability and related medical restrictions, Plaintiff's physician advised that she should not drive or use stairs.

19. Defendant's workplace did not have an elevator, and the restroom facilities required Plaintiff to walk up and down stairs, which became increasingly difficult due to her condition.

20. On or about November 2023, Plaintiff requested a reasonable accommodation to work from home due to her disability-related limitations.

Plaintiff's request for remote work was reasonable and feasible because other employees had already been permitted to work remotely.

21.     Defendant informed Plaintiff that it did not allow remote work due to medical reasons while permitting remote work for employees without disabilities.

22.     Defendant refused to engage in a good faith interactive process to identify and implement a reasonable accommodation that would allow Plaintiff to perform the essential functions of her position.

23.     On or about November 15, 2023, Defendant informed Plaintiff that she could not return to work unless she no longer required accommodations and could physically return to the office.

24.     On November 21, 2023, Defendant, through its agent OMS, a third-party Human Resources Administrator, formally communicated to Plaintiff that her position was not a work-from-home position and denied her accommodation request on that basis.

25.     Defendant's stated reason for denial was pretextual because similarly situated employees without disabilities were permitted to work remotely.

26.     Instead of providing a reasonable accommodation, Defendant attempted to force Plaintiff to either return to the office despite her medical restrictions or request a leave of absence.

4

27.    Defendant engaged in conduct that interfered with Plaintiff's rights under the ADA by obstructing the reasonable accommodation process and failing to provide meaningful alternatives.

28.    Defendant suggested that Plaintiff work at a desk located in a downstairs storage room closer to the restroom. The proposed workspace was not ADA compliant and was inaccessible to Plaintiff due to her use of a walker and her inability to navigate stairs safely. Defendant knew that the suggested accommodation was ineffective and inaccessible based on its communications with Plaintiff.

29.    Defendant further delayed resolution of Plaintiff's accommodation request by representing that it was awaiting guidance from OMS regarding the length of any potential leave of absence.

30.    In reality, Defendant did not meaningfully pursue leave options and failed to timely communicate with OMS regarding Plaintiff's situation.

31.    Defendant could have provided a reasonable accommodation without undue hardship by permitting Plaintiff to work remotely as recommended by her physician, but Defendant refused to do so.

32.    On November 28, 2023, Defendant terminated Plaintiff's employment by letter, claiming that Plaintiff had failed to communicate with Defendant.

5

33. Defendant's stated reason for termination was false, as Plaintiff maintained multiple emails and text messages demonstrating ongoing communication with Defendant.

34. On November 29, 2023, Plaintiff contacted OMS to obtain information regarding her COBRA health insurance coverage. During that call, OMS informed Plaintiff that Defendant had not contacted OMS regarding any proposed leave of absence for Plaintiff.

35. Defendant's failure to timely notify OMS of Plaintiff's termination caused a delay in Plaintiff's COBRA notification and continuation of health insurance coverage.

36. As a result of the lapse in coverage, Plaintiff experienced an interruption in her medical treatment, including a requirement to undergo additional physical and occupational therapy evaluations.

37. Defendant's conduct constituted interference with Plaintiff's exercise and enjoyment of rights protected under the ADA and FCRA, including the right to request and obtain reasonable accommodations.

38. Defendant retaliated against Plaintiff in violation of the ADA and FCRA by terminating her employment on November 28, 2023, after she requested reasonable accommodations for her disability.

39. Defendant's termination of Plaintiff was causally connected to her protected activity of requesting accommodations and asserting her rights under the ADA and FCRA.

6

40. Defendant further retaliated against Plaintiff by delaying her COBRA notification and by providing false information to the Florida Department of Economic Opportunities, stating that Plaintiff had voluntarily quit her employment which Defendant's false report delayed Plaintiff's approval for re-employment assistance benefits.

41. Defendant's actions were intentional and constituted adverse employment actions taken because of Plaintiff's disability and in retaliation for her protected activity.

42. At all times relevant, Defendant failed to provide reasonable accommodations, failed to engage in a good faith interactive process, interfered with Plaintiff's ADA and FCRA rights, and retaliated against Plaintiff for exercising those rights.

## COUNT I – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

43. Plaintiff realleges and readopts the allegations of paragraphs 1 through 36, 39, and 41 through 42 of this Complaint, as though fully set forth herein.

44. Plaintiff is a member of a protected class under the ADA.

45. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

46. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a

7

reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant.

47.    Defendant's actions were willful and done with malice.

48.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter an injunction restraining continued violation of the ADA;

d)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)    Any other compensatory damages, including emotional distress, allowable at law;

h)    Punitive damages;

i)    Prejudgment interest on all monetary recovery obtained.

8

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION/FAILURE TO ACCOMMODATE)

49. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 37, 39, and 41 through 42 of this Complaint, as though fully set forth herein.

50. Plaintiff is disabled, or was perceived by Defendant as being disabled.

51. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

52. Defendant's actions were willful and done with malice.

53. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

9

(d)    Compensation for lost wages, benefits, and other remuneration;

(e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)    Compensatory damages, including emotional distress, allowable at law;

(g)    Punitive damages;

(h)    Prejudgment interest on all monetary recovery obtained;

(i)    All costs and attorney's fees incurred in prosecuting these claims; and

(j)    For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

54.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 and 38 through 42 of this Complaint, as though fully set forth herein.

55.    As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

56.    Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation for her disability.

57.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

58.    Defendant's actions were willful and done with malice.

59.     The adverse employment action that Defendant took against Plaintiff was material.

60.     Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)     That this Court enter an injunction restraining continued violation of the ADA;

e)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)     Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)     Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)     Any other compensatory damages, including emotional distress, allowable at law;

11

    i)     Punitive damages;

    j)     Prejudgment interest on all monetary recovery obtained.

    k)     All costs and attorney's fees incurred in prosecuting these claims; and

    l)     For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
### (ADA DISCRIMINATION)

61. Plaintiff realleges and readopts the allegations of paragraphs 1 through 36, 39, and 41 through 42 of this Complaint, as though fully set forth herein.

62. Plaintiff is a member of a protected class under the FCRA.

63. Plaintiff was subjected to disparate treatment on account of her disability, including denial of her accommodation for her disability.

64. Defendant's actions were willful and done with malice.

65. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

**WHEREFORE**, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and this Court take jurisdiction over the case;

    c)     Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT V – FCRA RETALIATION

66. Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 and 38 through 42 of this Complaint, as though fully set forth herein.

67. Plaintiff is a member of a protected class under the FCRA.

68. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation for her disability.

69. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

70. Defendant's actions were willful and done with malice.

71. By terminating her employment, Defendant took material adverse action against Plaintiff.

72. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

13

***WHEREFORE***, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f)    Front pay;

g)    Any other compensatory damages, including emotional distress, allowable at law;

h)    Punitive damages;

i)    Prejudgment interest on all monetary recovery obtained.

j)    All costs and attorney's fees incurred in prosecuting these claims; and

k)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of April, 2026.

Respectfully submitted,


*s/ Amanda Heystek*
**AMANDA HEYSTEK**
Florida Bar Number: 285020
**KAITLIN R. FRERICH**
Florida Bar Number: 1048742
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2560
Facsimile No.: 813-229-8712
Email: aheystek@wfclaw.com
Email: kfrerich@wfclaw.com
Email: rcooke@wfclaw.com
***Attorneys for Plaintiff***

15